**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

ROBERT LOGAN MICHAEL,

      Plaintiff,

v.                                        CIVIL ACTION NO. 2:24-cv-00064

PAMELA GIVENS and
KELLY FOSTER and
SANDRA MAY
*Nurse, Mt. Olive Correctional* and
SHIRLEY HAMRICK
*Director of Nursing, Mt. Olive Correctional* and
WEXFORD HEALTH SOURCES, INC.,

      Defendants.

## ORDER

Pending are Defendants' Wexford Health Sources, Inc. ("Wexford"), Shirley Hamrick, Sandra May, and Pamela Givens Motion to Dismiss [ECF 51], filed April 21, 2025. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on February 11, 2026. [*See* ECF 59].

Magistrate Judge Tinsley recommended that the Court grant in part and deny in part Defendants' Motion to Dismiss. [*Id.*]. Magistrate Judge Tinsley recommended the Court deny dismissal of Mr. Michael's Eighth Amendment claims against all Defendants, his First

Amendment Claim against Defendant May, and his negligence claims against Defendants Foster[1] and Wexford. [*Id.* at 18–19, 21, 24, 26, 30, 33]. Further, Magistrate Judge Tinsley recommended the Court grant without prejudice dismissal of Mr. Michael's negligence claims against Defendants May, Givens, and Hamrick inasmuch as (1) "Plaintiff's Amended Complaint does not address his negligence claims [against them] in any detail. . . . [and] he only summarily alleges that he is asserting negligence claims," and (2) other than the allegation that Defendant Foster had a duty towards him, the "Amended Complaint is otherwise silent as to any specific duties owed to him by" Defendants May, Givens, and Hamrick. [*Id.* at 26, 28, 30, 33]. Magistrate Judge Tinsley further recommended the Court grant dismissal of Mr. Michael's intentional infliction of emotional distress claim against Defendant May inasmuch as the Amended Complaint lacks factual allegations to support the specific claim. [*Id.* at 32–33]. Finally, Magistrate Judge Tinsley recommended the Court grant dismissal of Mr. Michael's negligent infliction of emotional distress claims against Defendants Givens and Hamrick inasmuch as the claim is inapplicable to the circumstances alleged in the Amended Complaint. [*Id.*].

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis

---

[1] As noted in the PF&R, the allegations against Defendant Foster were screened pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) inasmuch as she had not yet been served with process or made an appearance. [ECF 59 at 1 n.1].

added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections in this case were due on March 2, 2026. Defendants filed timely objections on two aspects of the PF&R. [*See* ECF 61]. Specifically, Defendants urge that if the negligence claims are dismissed based upon the Amended Complaint's deficient allegations, the Eighth Amendment claims must necessarily be dismissed inasmuch as negligence claims are subject to a lower standard than deliberate indifference claims. [*Id.* at 4–6]. Defendants further object to the recommendation that the negligence claim against Defendant Foster not be dismissed because she has not yet been served. [*Id.* at 7]. The first objection plainly arises from a misunderstanding of the reasoning contained within the PF&R and fails to "direct the Court to a specific error," *Orpiano*, 687 F.2d at 47, whereas the second objection is inapposite. [*See* ECF 59 at 1 n.1].

Having carefully reviewed the materials submitted in this case, including the briefing related to the Motion to Dismiss, [ECF 51], the PF&R, [ECF 59], and Defendants' objections, [ECF 61], the Court **OVERRULES** Defendants' objections. [**ECF 61**].

Accordingly, the Court **ADOPTS** the PF&R, [**ECF 59**], and **GRANTS IN PART** and **DENIES IN PART** the Motion to Dismiss. [**ECF 51**]. Mr. Michael may, if he chooses,[2] replead the dismissed claims on or before April 27, 2026. If Mr. Michael chooses to file a Second Amended Complaint, he is **NOTIFIED** that it will be insufficient for him to simply refer to his past Complaint or Amended Complaint, or additional documentation, or to incorporate the same by reference in the Amended Complaint. The Second Amended Complaint will supersede the original Complaint and Amended Complaint and there must be one integrated document that will provide the Defendants with notice of the claims and allegations against them. The Court **ORDERS** the matter be **REFERRED** anew to Magistrate Judge Tinsley under the terms of the original referral order.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER: March 26, 2026

Frank W. Volk
Chief United States District Judge

---

[2] Mr. Michael did not submit objections to the PF&R -- potentially as a result of his inability to review it due to his reincarceration and address change. [*See* ECF 62 ("I received something before my incarceration but was unable to review it. If I could receive it again I would appreciate it.")]. After receiving the PF&R, Mr. Michael submitted a letter stating, "I am satisfied with the recommendation filed." [ECF 64].